## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTONY LIEBECK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-153-PRW |
| | ) | |
| AMERICAN PHOENIX, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

This case comes before the Court on Plaintiff's Motion to Compel Discovery (Dkt. 20).[1] For the reasons that follow, the Motion (Dkt. 20) is **GRANTED IN PART** and **DENIED IN PART**.

### Background

From February 2020 to February 2021, Plaintiff Antony Liebeck worked as a truck driver for Defendant American Phoenix. This case involves Plaintiff's claim that Defendant violated the federal Americans with Disabilities Act, the Oklahoma Anti-Discrimination Act, and the federal Family and Medical Leave Act when it terminated Plaintiff's employment in February 2021. At issue in this Motion to Compel are six distinct discovery disputes, each involving a request made by Plaintiff.

---

[1] Plaintiff subsequently filed an Emergency Motion for Expedited Consideration of its Motion to Compel. *See* (Dkt. 38).

***Legal Standard***

Parties may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[2] A party may seek discoverable information through a variety of means, including requests for admissions, interrogatories, and requests for production of documents.  If a party objects to a discovery request or fails to provide a sufficient response to a request, Rule 37(a) of the Federal Rules of Civil Procedure provides that the requesting "party may move for an order compelling disclosure or discovery."

***Discussion***

1. *Requests for Admission Fourteen through Seventeen.*

Plaintiff first seeks to compel supplemental responses to four requests for admission sent to Defendant, each of which relate to information regarding employees who replaced Plaintiff following his termination. As to each of these requests, Defendant responded as follows: "Defendant lacks sufficient knowledge or information to admit or deny the request. After reasonably inquiry, the information Defendant knows or can readily obtain is insufficient to enable it to admit or deny the request."[3] Plaintiff challenges the sufficiency of Defendant's responses, arguing that Defendant should be able to admit or deny the statements at issue, and at the very least, that Defendant is required to provide a more thorough explanation of its lack of knowledge or information.

---

[2] Fed. R. Civ. P. 26(b)(1).

[3] Ex. 2 (Dkt. 20), at 5–6.

Rule 36 of the Federal Rules of Civil Procedure permits a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters" that would fall within the scope of discovery for the pending case.[4] Once served, the answering party must either admit, deny, or "state in detail why" it "cannot truthfully admit or deny" the matter.[5] Rule 36(a)(4) provides that one way an answering party may fulfill its requirement of stating in detail why it cannot admit or deny a statement is by "assert[ing] lack of knowledge or information." But this avenue of response is only available to the answering party "if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."[6]

Upon review, the Court finds that Defendant's responses to Requests for Admission Fourteen through Seventeen were sufficient under Rule 36. While Defendant did not admit or deny the statements at issue, it availed itself of the third option under Rule 36: asserting that it lacked the knowledge or information to admit or deny the statements. And by stating that "[a]fter reasonably inquiry, the information Defendant knows or can readily obtain is insufficient to enable it to admit or deny the request," Defendant complied with the only textual prerequisite to asserting lack of knowledge of information as a response. Defendant's response was not required to provide more than that statement.[7] And while

---

[4] Fed. R. Civ. P. 36(a)(1).

[5] Fed. R. Civ. P. 36(a)(4).

[6] *Id.*

[7] *See VeroBlue Farms USA Inc. v. Wulf*, 2021 WL 5176839, at *17–21 (N.D. Tex. Nov. 8, 2021) (collecting cases and explaining that the best reading of Rule 36(a)(4), in light of

Plaintiff doubts the truthfulness of Defendant's response, Rule 36 "does not authorize the Court to order a party to provide a different answer to a request for admission because the requesting party believes that the proffered answer is false or is not credible."[8] Accordingly, Plaintiff's request to compel supplemental responses to Requests for Production Fourteen through Seventeen is denied.

   *2. Interrogatory Four.*

      Interrogatory Four asks Defendant to identify each person at Plaintiff's work location "who, during any part of the period beginning two years prior to Plaintiff's termination to the present, [was] supervised (directly and/or indirectly) by . . . the person(s) who made the final decision to terminate Plaintiff."[9] Plaintiff argues that this information is necessary to identify "potential witnesses" who may know how similar situations were handled in the past and whether Defendant may have had other reasons or motives for its termination of Plaintiff. Defendant argues that the interrogatory is overly broad.

---

both its text and context, is that "a party can sufficiently 'state in detail why the answering party cannot truthfully admit or deny it' by 'asserting lack of knowledge or information as [the] reason for failing to admit or deny' and [merely] 'stating that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny'" (cleaned up)).

[8] *Id.*

[9] Plaintiff initially requested Defendant identify all employees supervised by the persons who made the final decision to terminate Plaintiff. Plaintiff, however, later narrowed his request to those employees working in Plaintiff's work location. *See* Pl.'s Mot. (Dkt. 20), at 6. Accordingly, the Court decides the dispute over Interrogatory Four as it has been voluntarily limited by Plaintiff. The Court takes no position on Plaintiff's initial, broader request.

Upon review, the Court finds that Interrogatory Four seeks relevant information and that Plaintiff's motion to compel a response should be granted. Evidence of how Defendant has handled similar situations is certainly relevant to Plaintiff's claims.[10] And Plaintiff could use the information elicited by Interrogatory Four to contact other employees at Plaintiff's work location regarding Defendant's treatment of other employees and "any other similar incidents."[11] Nor is Plaintiff's request overly broad. It seeks information about employees in one location and for a limited period of time surrounding the incidents at issue in this lawsuit. And while Defendant maintains that this request is "vastly overbroad,"[12] Defendant has made no assertion, let alone provided supporting facts, that it would be difficult to compile the list Plaintiff seeks, or that responding to this interrogatory would impose an undue burden or expense on Defendant.

3. *Interrogatories Two, Three, and Five.*

Next, Plaintiff seeks to compel responses to Interrogatories Two, Three, and Five that comply with the requirements of Rule 33 of the Federal Rules of Civil Procedure. These interrogatories ask Defendant to identify and provide contact information for a variety of persons who may have information relevant to this case. In its initial response, Defendant provided the names of the persons requested, but it refused to provide certain contact information. After the parties conducted a meet and confer conference, Defendant

---

[10] *See Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1307 (10th Cir. 2017); *Smothers v. Solvay Chemicals, Inc.*, 740 F.3d 530, 540 (10th Cir. 2014).

[11] *Cf. McCoo v. Denny's Inc.*, 192 F.R.D. 675, 696 (D. Kan. 2000).

[12] Def.'s Resp. (Dkt. 22), at 8.

provided a supplemental response, providing the contact information Plaintiff requested. Plaintiff, however, argues that the response is insufficient because it failed to comply with Rule 33's verification requirement.

Upon review, the Court agrees with Plaintiff that Defendant's supplemental responses to Interrogatories Two, Three, and Five failed to comply with Rule 33's verification requirement. Rule 33(b)(5) plainly requires that "[t]he person who makes the answers [to the interrogatories] must sign them." Defendant's supplemental responses contain no such signature. Accordingly, the Court orders Defendant's to provide a supplemental response to Interrogatories Two, Three, and Five that complies with Rule 33's verification requirement.

4. *Requests for Production Four and Five.*

Plaintiff initially sought to compel, over Defendant's objections, responses to Requests for Production Four and Five. Defendant subsequently withdrew its objections and provided a response. The parties agree that Plaintiff's request in this regard is now moot. Accordingly, the Court denies as moot Plaintiff's request to compel responses to Requests for Production Four and Five.

5. *Request for Production Eight.*

Request for Production Eight asks Defendant to produce certain personal documents—i.e., those documents containing "relevant information such as contact information, similar protected characteristics and/or protected conduct as Plaintiff, and

performance/disciplinary records"—for two categories of persons:[13] (1) "[e]ach person who replaced the Plaintiff and/or assumed any part of the Plaintiff's job duties as a result of Plaintiff's termination;" and (2) any person who, during any period between February 2019 to February 2022, "occupied the same and/or similar position as the Plaintiff and/or performed the same and/or similar job duties as the Plaintiff."[14] The request for information related to the latter category of persons was further limited to those "persons directly and/or indirectly supervised by the person(s) who participated in the final decision to terminate the Plaintiff." Plaintiff argues that this information is relevant to determining how Defendant has applied its policies in similar contexts and whether Defendant pretextually applied its disciplinary policy to Plaintiff. Defendant objects to this request, arguing that the request is improper in two respects.[15] Neither argument is convincing.

First, Defendant argues that Tenth Circuit precedent disfavors disclosure of the personnel documents Plaintiff seeks. But the line of cases Defendant relies on do not bar the disclosure of information that Plaintiff seeks. That is because those cases instruct only

---

[13] Pl.'s Mot. (Dkt. 20), at 12.

[14] Plaintiff initially requested documents for persons performing such duties "during any period between January 1, 2018, and the present." Plaintiff, however, later narrowed the time period to that described above. *See* Pl.'s Mot. (Dkt. 20), at 12. Accordingly, the Court decides the dispute over Request for Production Eight as it has been voluntarily limited by Plaintiff. The Court takes no position on Plaintiff's initial, broader request.

[15] Defendant initially objected to the time period from which information was requested, arguing that "[f]or an employee who worked only a year or less," this "five-year period" request "is overly broad." Def.'s Resp. (Dkt. 22), at 13. But Defendant's response ignores Plaintiff's narrowing of their earlier request—a request that, given all of the circumstances, the Court finds reasonable. Defendant has put forth no evidence suggesting that the time period of Plaintiff's narrower request is unduly burdensome.

that district courts are to be "cautious" about ordering the disclosure of the "entire contents" of a personnel file "willy-nilly"[16]—meaning courts should ensure any such information disclosed is relevant, tailored to the particular needs of the case, and not outweighed by other factors, such as annoyance, embarrassment or oppression.[17] Here, far from requesting the entirety of a broad swath of personnel files, Plaintiff has limited its request both to a subset of similarly situated employees and to a small subset of information regarding those employees, all of which is relevant to at least two key questions in this case: how Defendant has applied its policies in similar contexts and whether Defendant pretextually applied its disciplinary policy to Plaintiff.

Second, Defendant argues that the request should be "limited to similarly situated employees who worked under the same supervisor and at the same location where Plaintiff worked."[18] But under the circumstances, Plaintiff's request is reasonably calibrated. Whether an employee is similarly situated to a plaintiff is an inherently fact-bound question, but "[a]t minimum, a similarly situated employee is one that 'deals with the same supervisor and is subject to the same standards governing performance evaluation and

---

[16] *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008).

[17] *See id.* at 648–49.

[18] Def.'s Resp. (Dkt. 22), at 11.

discipline."[19] And Plaintiff's request is indeed limited to those employees who perform similar job functions and are supervised by the same persons who supervised Plaintiff.[20]

Although Defendant claims Request for Production Eight is overly broad, it has put forth no specific evidence to suggest that complying with this request would impose an undue burden or expense. In fact, Defendant's response appears to indicate that it already has identified the subset of employees relevant to this inquiry.[21] Absent some strong showing of undue burden, the relevance of the information Plaintiff seeks requires disclosure. Accordingly, Plaintiff's request to compel a response to Request for Production Eight is granted.

6. *Request for Production Twelve.*

Finally, Plaintiff seeks to compel a response to Request for Production Twelve. That request asks Defendant to produce documents "materially related to" thirteen of Defendant's affirmative defenses, all of which are outlined in Defendant's Answer.

---

[19] *Stainsby v. Oklahoma ex rel. Oklahoma Health Care Auth.*, 2022 WL 1748263, at *2 (W.D. Okla. May 31, 2022) (quoting *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1232 (10th Cir. 2000)).

[20] Defendant cites only one case for the proposition that discovery should be limited to the "location where Plaintiff was employed." Def.'s Resp. (Dkt. 22), at 12 (citing *Entrada v. Marriott Hotel Servs., Inc.*, 2016 WL 5720832, at *1 (W.D. Okla. Oct. 3, 2016)). *Entrada*, however, reaches that conclusion in passing, provides no reasoning for its conclusion, and cites no authority for its limitation to the "location where Plaintiff was employed" other than the court's "careful consideration of the arguments." 2016 WL 5720832, at *1. In any event, absent some showing of undue burden or expense, such a limitation makes little sense in a circumstance where the same supervisor supervises employees, all of whom perform similar jobs, in different work locations.

[21] *See* Def.'s Resp. (Dkt. 22), at 12.

Defendant claims that because this request fails to identify "any specific documents," the request fails to comply with Rule 34's reasonable particularity requirement.

Defendant's argument is unconvincing. Whether a discovery request is reasonably particular turns primarily on whether the request "can be said to apprise a person of ordinary intelligence what documents are required" to be disclosed.[22] And there is little doubt that Request for Production Twelve would provide a person of reasonable intelligence, and undoubtedly provided Defendant, notice of what documents were required to be produced because Plaintiff's request merely asks for the same category of documents Defendant was required to disclose in its initial disclosures under Rule 26(a)(1)(A)(ii).[23] Such a request complies with Rule 34's reasonable particularity requirement and is otherwise proper.[24]

### *Conclusion*

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion to Compel (Dkt. 20) is **GRANTED IN PART** and **DENIED IN PART.**

2. The motion to compel supplemental responses to Requests for Production Fourteen through Seventeen is **DENIED**.

3. The motion to compel a response to Interrogatory Four is **GRANTED**.

---

[22] *Regan-Touhy*, 526 F.3d at 649 (cleaned up).

[23] *See* Fed. R. Civ. P. 26(a)(1)(A)(ii) (providing that a "party must, without awaiting a discovery request, provide to the other parties . . . . copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment").

[24] *See, e.g.*, *Charter Pracs. Int'l, LLC v. Robb*, 2014 WL 273855, at *3 (D. Conn. Jan. 23, 2014).

4. The motion to compel a supplemental response to Interrogatories Two, Three, and Five that complies with Rule 33's verification requirement is **GRANTED**.

5. The motion to compel responses to Requests for Production Four and Five are **DENIED AS MOOT**.

6. The motion to compel a response to Request for Production Eight is **GRANTED**.

7. The motion to compel a response to Request for Production Twelve is **GRANTED**.

8. Defendant shall provide Plaintiff with the discovery ordered to be produced on or before February 28, 2023.

9. Plaintiff's deadline for a response to Defendant's Motion for Summary Judgment (Dkt. 37) is **EXTENDED** to on or before March 14, 2023.

    **IT IS SO ORDERED** this 16th day of February 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE